SMITH v. RUBEL.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

DISCOVERY (§ 53*)—INSPECTION OF BOOKS.

> Plaintiff sued defendant for alleged false representations as to the value of the assets and book value of stock in the corporation by which he induced plaintiff to purchase certain of the corporation's stock. The corporation having become a bankrupt, defendant secured possession of the books, whereupon plaintiff, as the case was about to be tried, applied for an order permitting an inspection of the books to prove the falsity of such representations. *Held*, that plaintiff having made his application within two or three days after he learned that the books were in defendant's possession, and defendant not having been prejudiced by the delay, plaintiff was entitled to the relief prayed.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 66; Dec. Dig. § 53.*]

Appeal from Special Term, New York County.

Action by Robert S. Smith against Max Rubel. From an order denying plaintiff's motion for an inspection of books, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Harold Nathan, for appellant.
David C. Hirsch, for respondent.

SCOTT, J. The action is for damages for alleged false representations, whereby, as it is said, defendant induced plaintiff to purchase stock in a corporation which has since become bankrupt. The allegations related to the condition of the corporation, the value of

the assets, and the book value of its stock. Since the bankruptcy the defendant has come into possession of the books of the corporation, and the plaintiff seeks to prove by them the true facts as to which, as it is said, ·the defendant made the false representations. The application was denied, as appears from the order, because of plaintiff's laches based presumably on the fact that the application for inspection was not made until the cause was about to be tried. The defendant does not appear to have been prejudiced by the delay, and it affirmatively appears that plaintiff only learned that the books were in defendant's possession two or three days before the motion was made. In so far as appears, there was no reason why plaintiff should have assumed that the books had been delivered to defendant. The books are not defendant's any more than they are plaintiff's, and we see no reason why plaintiff should not be allowed to inspect them before trial.

Order reversed, with $10 costs and disbursements, and motion granted. All concur.